UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVINDER SINGH, A 220-719-629,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-0989-DC-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ravinder Singh was re-detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

**I.     Background**

Petitioner is a citizen of India who entered the United States in 2021. (ECF No. 1 at 1; ECF No. 1-2 at 6, 12-14.) The Department of Homeland Security ("DHS") served petitioner with a notice to appear on January 3, 2022, and placed him in removal proceedings under INA § 240 (8 U.S.C. § 1229a). (ECF No. 1-2 at 6.) Petitioner was released by DHS around March 2022 pending his removal proceedings. (Id. at 4.) During the next three years, petitioner complied with the conditions of his release and developed strong ties. (ECF No. 1 at 1, 4.) Petitioner has been

1

and is pursuing asylum relief. (See id.) In October 2025, immigration authorities re-detained petitioner after which an immigration judge refused to conduct a bond hearing. (ECF No. 1 at 4; ECF No. 1-2 at 5.)

Proceeding through counsel, petitioner filed a motion for temporary restraining order and the pending petition on February 4, 2026. (ECF Nos. 1, 2.) Petitioner brings three claims for relief: (1) Violation of Fifth Amendment Due Process; (2) Violation of Immigration and Nationality Act; and (3) Violation of Administrative Procedure Act. (ECF No. 1.)

On February 9, 2026, the district judge assigned to this case granted petitioner's motion for temporary restraining order and entered a preliminary injunction, finding respondents had not identified any provision of law or fact that would substantively distinguish this case from the decisions granting relief in Labrador-Prato v. Noem, No. 1:25-CV-01598-DC-SCR (HC), --- F. Supp. 3d ---, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, --- F. Supp. 3d ---, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). (ECF No. 8.)

On February 24, 2026, the undersigned ordered pursuant to 28 U.S.C. § 2243 that respondents could file an answer to the petition within seven days, and if no answer was filed, the matter would be deemed submitted. The matter is submitted without any further briefing filed.

Respondents assert that despite being paroled, petitioner remains an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 7 at 1.) Respondents argue ICE may revoke an order of release at any time in its discretion. See 8 C.F.R. § 236.1(c)(9). (Id. at 2.)

## II.    Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III.    Discussion**

Respondents do not directly address petitioner's due process claim, which has merit as reflected by the preliminary injunctive relief already ordered. The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). "[Noncitizens], even [those] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982).

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

As many district courts confronted with similar circumstances have found, petitioner has a clear interest in his continued freedom. See, e.g., Rico-Tapia v. Smith, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."). Petitioner was previously released from ICE detention and this release implied a promise that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); D.L.C. v. Wofford, 2026 WL 25511, at *4. Respondents' argument that petitioner is subject to mandatory detention under § 1225(b)(1) does not change this analysis. See B.D.S. v. Warden of Mesa Verde Det. Facility, No. 1:25-CV-02032-TLN-CSK,

2026 WL 82344, at *3 (E.D. Cal. Jan. 12, 2026).

To determine what procedures are necessary to ensure any deprivation of that protected liberty interest accords with the Constitution, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

The first Mathews factor favors petitioner because an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011); see also Zadvydas, 533 U.S. at 690 ("Freedom from… detention… lies at the heart of the liberty [the Due Process] Clause protects"). The government's actions in releasing petitioner into the United States and allowing him to reside at liberty for years supports finding a strong private interest for petitioner. See Doe v. Becerra, 787 F. Supp. 3d at 1093. Petitioner has a significant private interest at stake.

Considering the second Mathews factor, the risk of erroneous deprivation is great given the record indicates petitioner did not receive any hearing, whether pre- or post-detention. See Labrador-Prato, 2025 WL 3458802, at *5. Petitioner was detained for several months without being provided a bond hearing before an immigration judge to evaluate his dangerousness and/or flight risk before being released. The probable value is high as to additional procedural safeguards, including a bond hearing which should have occurred before petitioner was detained. See Tinoco v. Noem, 2025 WL 3567862 at *6.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws, but the government's interest in re-detaining petitioner without procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Respondents provided no evidence warranting petitioner's re-detention without a hearing. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors strongly favor petitioner. The petition should be granted

4

and the preliminary injunctive relief already ordered be made permanent, based on a finding that respondents violated petitioner's Fifth Amendment due process rights when he was re-detained without a hearing (claim one). Because the resolution of petitioner's claim one provides the relief requested, the court need not reach the second and third claims.

**IV.   Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2.  The preliminary injunctive relief previously ordered (ECF No. 8) be made permanent.

3.  The Clerk of Court be directed to enter judgment for petitioner Ravinder Singh, A 220-719-629, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sing0989.mer

5